UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA J. BAIRD,

       Plaintiff,                                                Civil No. 06-1507-HU

      v.                                                      OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER, Social Security
Administration,

       Defendant.

HAGGERTY, Chief Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [22] in this action that recommended that the Commissioner's final decision should be affirmed and that this case should be dismissed with prejudice. The court notes that plaintiff asserted no objections to several conclusions presented in the Findings and Recommendation, and defendant filed no objections at all. When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). No clear error appears on the face of the record regarding the conclusions to which no objections have been asserted.

1 - OPINION AND ORDER

Accordingly, the Findings and Recommendation's unchallenged analysis and conclusions regarding the errors committed by the Administrative Law Judge (ALJ) in ignoring the opinions of Drs. Kirkhart and Wimmers are adopted.  Specifically, this court adopts the conclusion that the ALJ failed to properly consider the medical opinions from Dr. Kirkhart that plaintiff's "overall psychological adjustment tended to be poor" and "that she was socially isolated and withdrawn; and that her thought processes were disturbed by suspicion and distrust, as well as poor concentration, confusion, disorganization and poor judgment, with intellectualization and rationalization apt to be used excessively."  Findings and Recommendation at 6 (citing Transcript Record ((Tr..)) 266).  The Findings and Recommendation recognized that Dr. Kirkhart opined that intensive treatment was indicated, and that plaintiff's prognosis was "guarded."  *Id*.  The Findings and Recommendation also acknowledged that Dr. Kirkhart diagnosed "panic disorder with agoraphobia; dysthymic disorder, early onset; amphetamine withdrawal; rule out

schizotypal personality."  Findings and Recommendation at 6 (citing Tr. 264).  Additionally, Dr. Kirkhart assessed plaintiff's Global Assessment of Functioning (GAF) at 45.  As explained in the Findings and Recommendation, GAF is a 100-point scale used by mental health practitioners to assess psychological, social and occupational functioning on a hypothetical continuum of mental health-illness. Findings and Recommendation at 6-7 (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition Text Revision (2000)(DSM-IV-TR.) 34).

As the Findings and Recommendation noted, a GAF of 45 "indicates serious symptoms or any serious impairment in social or occupational functioning." Findings and Recommendation at 7.

The Findings and Recommendation also acknowledged that Dr. Kirkhart concluded that plaintiff's condition "has become chronic" and that improvement would "take a couple of years of sustained work." Findings and Recommendation at 7 (citing Tr. 264).

Similarly, the Findings and Recommendation noted that Dr. Wimmers found that plaintiff "would 'often' experience deficiencies of concentration, persistence or pace, resulting in failure to complete tasks in a timely manner in work settings." Findings and Recommendation at 4 (citing Tr. 291).

This court adopts the Findings and Recommendation's unchallenged conclusion that the ALJ erred in disregarding these opinions. Findings and Recommendation at 4 ("The Commissioner cites no legal authority for his argument that the ALJ may properly disregard medical evidence generated before the alleged onset date, which may or may not have been proffered as part of an earlier application for benefits."). The court notes that a plausible argument could be advanced suggesting that the ALJ did not "disregard" the material aspects of these opinions, because the ALJ's analysis of plaintiff's limitations, her residual functional capacity, and the hypothetical questioning of the Vocational Expert (VE) could be construed as encompassing the scope of Drs. Kirkhart's and Wimmers' opinions. However, defendant elected

3 - OPINION AND ORDER

to raise no objections to the Findings and Recommendation, and its unchallenged conclusions survive the "clear error" scrutiny that this court must apply.

However, plaintiff objects to the Findings and Recommendation's conclusion that the Commissioner's decision to deny plaintiff's disability application should be affirmed despite the errors the Findings and Recommendation recognized regarding the neglect of the opinions of Drs. Kirkhart and Wimmers. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The objection was filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. The court notes that defendant elected to file no responsive briefing to plaintiff's objections. For the following reasons, plaintiff's objections are sustained in part.

## ANALYSIS

Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances in this action, and this need not be repeated here. Plaintiff advances a specific objection challenging the Findings and Recommendation's conclusions that the opinions of Drs. Wimmers and Kirkhart need not be credited as true, and that even if these opinions were so credited, plaintiff would not qualify as disabled. Findings and Recommendation at 8-10. Further, the objections challenge the conclusion that the case need not be remanded for further proceedings because the medical opinions at issue "are too remote in time" and "although not explicitly

4 - OPINION AND ORDER

analyzed, were incorporated into the ALJ's hypothetical question to the vocational expert (VE) at the hearing." Findings and Recommendation at 11.

The analysis undertaken in the Findings and Recommendation regarding the ALJ's errors asked whether "1) the ALJ has failed to provide legally sufficient reasons for rejecting [medical] evidence, 2) there are . . . outstanding issues that must be resolved before a determination of disability can be made, and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Findings and Recommendation at 8 (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). This *Smolen* analysis is identified by the Ninth Circuit as a test used for "determining when evidence should be credited and an immediate award of benefits directed" to a claimant. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (citing *Smolen*, 80 F.3d at 1292).

Here, the Findings and Recommendation concluded that the *Smolen* test was unmet because the "second and third elements are not satisfied in the case." Findings and Recommendation at 8. This means that the Findings and Recommendation recognized that even if the opinions of Drs. Kirkhart and Wimmers were credited, there would be outstanding issues that must be resolved before a determination of disability could be made (the second *Smolen* prong), and that it would not be clear that after simply crediting the rejected opinions as true that the ALJ would be compelled to find plaintiff disabled (the third prong).

Accordingly, the Findings and Recommendation concluded that under *Smolen*, plaintiff is not entitled to an immediate award of benefits despite the error committed by the ALJ in disregarding the medical opinions of Drs. Kirkhart and Wimmers. Findings and Recommendation at 10. Then, turning to the next remand alternative, the Findings and

5 - OPINION AND ORDER

Recommendation addressed whether the case required further proceedings.  Noting that such an analysis examines "the likely utility of such proceedings," the Findings and Recommendation concluded that further proceedings were unwarranted because the medical opinions at issue were remote and somewhat incorporated in the questioning posed by the ALJ to the VE.  Findings and Recommendation at 10-11 (citing *Harman*, 211 F.3d at 1179).

This conclusion is in conflict with the Findings and Recommendation's prior reasoning that, under the *Smolen* test, there were outstanding issues needing resolution before a determination of disability could be made.  *See* Findings and Recommendation at 8-10.  The conclusion also appears to overlook testimony from the VE that suggested that a person who "often" suffered from a "deficiency of concentration, persistence or pace resulting in a failure to complete tasks in a timely manner" would be precluded from employment in the jobs that the VE had identified previously as appropriate for plaintiff.  Tr. 673.  The limitations described in the above-quoted question that counsel posed to the VE appear to be supported by the opinions of Drs. Kirkhart and Wimmers, opinions that the Findings and Recommendation concluded were neglected by the ALJ.

The fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner.  *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to

6 - OPINION AND ORDER

deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).  A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney's fees even when the case has been remanded for further administrative action.  *Id*. (citing *Schaefer*, 509 U.S. at 297-302).  This court notes that the unchallenged portion of the Findings and Recommendation contains a conclusion that the ALJ erred in some respect in the decision to deny benefits.

The issues presented in this action compel a remand under sentence four.  Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion.  *Harman*, 211 F.3d at 1177.

A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The rule recognizes "the importance of expediting disability claims."  *Id*.  In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves.  *Id*.

On the other hand, a decision to remand for further proceedings is appropriate when such proceedings are likely to be useful.  *Harman*, 211 F.3d at 1179.  In this matter, the impact of the ALJ's failure to fully consider and address the opinions of Drs. Kirkhart and Wimmers cannot be ascertained from the record.  Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings.  Specifically, pursuant to

this remand, plaintiff and Commissioner shall develop the record regarding the extent of plaintiff's impairments. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff. The ALJ shall also provide plaintiff an opportunity to submit additional medical evidence in support of her alleged limitations, as well as evidence regarding the extent and scope of her impairments. The ALJ shall address and ascertain plaintiff's functional limitations and her assessments in accordance with all applicable administrative and legal standards. The ALJ shall address and give full consideration to all lay witness testimony submitted in support of plaintiff's request for benefits. Plaintiff shall be permitted to be represented by counsel, present witnesses and evidence, and to refer to and submit into the record all testimony and evidence that has been presented already on her behalf.

The ALJ shall also elicit and assess plaintiff's testimony, and provide adequate explanations establishing that her testimony and all lay witness testimony and medical evidence was considered in accordance with all applicable standards and laws, and fully evaluated in the assessment of plaintiff's possible eligibility for benefits.

## CONCLUSION

Plaintiff's Objections [23] have been considered fully and this court has made a *de novo* determination of the challenged portion of the Magistrate Judge's Findings and Recommendation. The Findings and Recommendation [22] is adopted in part, and plaintiff's objections are sustained in part. This court concludes that the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

Dated this  21  day of April, 2008.

          /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

9 - OPINION AND ORDER